

**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Paul T. Maloney
Assistant U.S. Attorney
Paul.Maloney@usdoj.gov
(503) 727-1000
*Reply to Portland Office*

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott E. Bradford
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

January 13, 2026

Ms. Chandra Peterson
Oregon Federal Public Defender
101 SW Main Street Suite 1700
Portland, OR 97204

Re:   *United States v. Deni Jungic Wolf*
      Case Number: 3:25-cr-371-IM
      Amended Plea Agreement Letter

Dear Counsel:

1.   **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any charges other than those specifically mentioned herein.

2.   **Charges**:  Defendant agrees to waive indictment and plead guilty to Count 1 of a superseding information alleging simple assault on a federal officer in violation of Title 18, United States Code, Section 111(a)(1), a Class A misdemeanor.

3.   **Penalties**:  The maximum sentence is not more than one year imprisonment, a fine of $100,000, and a $25 fee assessment.  Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.

4.   **Dismissal/No Prosecution**:  The USAO will move at the time of sentencing to dismiss any remaining counts against defendant.  The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

Ms. Chandra Peterson                                          January 13, 2026
Re: Deni Junic Wolf Amended Plea Agreement Letter
Page 2

5.    **Elements and Factual Basis**:   In order for defendant to be found guilty of Count 1 of the superseding information, the government must prove the following elements beyond a reasonable doubt:

First, the defendant forcibly assaulted a federal officer; and

Second, the defendant did so while the federal officer was engaged in or on account of the federal officer's official duties;

There is a forcible assault when one person intentionally strikes another, or willfully attempts to inflict injury on another, or intentionally threatens another coupled with an apparent ability to inflict injury on another which causes a reasonable apprehension of immediate bodily harm.

Defendant admits the elements of the offense alleged in Count 1 of the superseding information.

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crime to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty plea. The following facts are undisputed:

On the night of June 16, 2025, a crowd had gathered in the driveway of the Immigration and Customs Enforcement (ICE) building in Portland, Oregon. Federal officers made announcements directing protesters to clear the driveway. While the crowd remained in the driveway, vehicles were unable to depart the building. After several announcements that the premises were closed and that those found on the property would be subject to arrest, members of the crowd failed to comply with the warnings and directions to move from the driveway.

At approximately 11:16 p.m. federal officers deployed from the ICE Building to clear the trespassing protesters. While officers were moving to clear the driveway, defendant and others protesters were standing in a line of people holding make-shift shields blocking the driveway to the ICE Building. As the officers slowly approached, defendant was banging a tambourine on the top of the shield he was holding. When the two lines met, defendant and several other protesters shoved against the advancing officers while other protesters retreated. Defendant fell backwards during the scrum, and landed on the ground.

While on the ground, defendant forcibly and intentionally kicked out and attempted to push off the officer and in doing so made physical contact.

Three officers were eventually able to handcuff defendant and take him into custody.

Ms. Chandra Peterson                                                        January 13, 2026
Re: Deni Junic Wolf Amended Plea Agreement Letter
Page 3

6.    **Sentencing Factors**:  The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a).  Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7.    **Relevant Conduct**:  The parties agree that defendant's relevant conduct pursuant to USSG § 2A2.4, is a base offense level of 10. Three levels are added for defendant physically contacting the officer.

8.    **Acceptance of Responsibility**:  Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case.  If defendant fully accepts responsibility, the government agrees to recommend a two-level reduction pursuant to USSG § 3E1.1 The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, violates the terms of pretrial release by entering the exclusion zone surrounding the Portland Immigration and Customs Enforcement building, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

9.    **No Zero Point Offender Adjustment**:  The parties agree defendant does not qualify for the two-level downward adjustment for certain zero-point offenders because his relevant conduct includes the use of violence. USSG § 4C1.1(a)(3)

10.    **Additional Departures, Adjustments, or Variances**: The government agrees to recommend a two-level downward variance for all 3553a factors, including defendant's early resolution of this matter without motions or needless delay, and any personal history, or characteristics unique to defendant including any mental health or personal history considerations. The government agrees not to seek any other departures, adjustments or variances to the advisory sentencing guideline range, or to seek a sentence outside of the advisory guideline range, except as specified in this agreement.

11.    **Sentencing Recommendation**:  The government agrees to recommend a sentence of jail per court, and $100 special assessment. If placed on probation, the government will recommend an additional condition of 20 hours of community service, During any term of supervision, the parties jointly agree that defendant is prohibited from entering the area surrounding the Immigration and Customs Enforcement Building in Portland Oregon. Defendant is specifically prohibited from entering the area bounded by South Gaines Street to the North; South Boundary Street to the South; Southwest Terwilliger to the West; and the Willamette River to the East. Defendant may use I-5 to transit the exclusion area so long as defendant does not depart the freeway or stop within the exclusion area.  Defendant may argue for any lawful sentence.

12.    **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except

Ms. Chandra Peterson                                       January 13, 2026
Re: Deni Junic Wolf Amended Plea Agreement Letter
Page 4

for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that any of defendant's conviction under this agreement is vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

13.    **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

14.    **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer (if ordered), and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

15.    **Breach of Plea Agreement**: If defendant breaches the terms of this agreement or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea. If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

16.    **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

Ms. Chandra Peterson                                            January 13, 2026
Re:  Deni Junic Wolf Amended Plea Agreement Letter
Page 5

17.    **Deadline**: This plea offer expires if not accepted in writing within two weeks of the date of this letter. Once this offer expires, the government will begin preparations for trial.

Sincerely,

SCOTT E. BRADFORD
United States Attorney

PAUL T. MALONEY
Assistant United States Attorney

*United States of America v. Deni Jungic Wolf*
**3:25-cr-00371-IM**
**Amended Plea Agreement**

I have carefully reviewed every part of this agreement with my attorney.  I understand and voluntarily agree to its terms.  I expressly waive my rights to appeal as outlined in this agreement.  I wish to plead guilty because, in fact, I am guilty.

_____                    _____
Date                                          DENI JUNGIC WOLF
                                              Defendant

I represent the defendant as legal counsel.  I have carefully reviewed every part of this agreement with defendant.  To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

_____                    _____
Date                                          CHANDRA PETERSON
                                              Attorney for Defendant